UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA D. ALLEN,<br><br>　　　　　Plaintiff,<br>v.<br><br>NEIGHBORHOOD HOUSING SERVICES SILICON VALLEY,<br><br>　　　　　Defendant. | Case No.: 12-1656 PSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>**(Re: Docket No. 29)** |

In this employment discrimination suit, Plaintiff Donna D. Allen ("Allen") moves to compel further responses from Defendant Neighborhood Housing Services Silicon Valley ("NHSSV"). Having considered the parties' papers and oral arguments, the court DENIES Allen's motion.

**I.　　BACKGROUND**

Before her termination on August 27, 2011, Allen worked for NHSSV as an underwriter and lending program manager. On August 27, 2011, Matt Huerta ("Huerta"), NHSSV's new executive director, fired Allen. According to Allen's allegations in the underlying suit, her termination was the result of Allen's discrimination based on her race, her age, her disability, and as retaliation for her complaints about his discriminatory actions. NHSSV responds that Allen was fired because of poor performance.

Case No.: 12-1656 PSG
ORDER　　　　　　　　　　　1

At issue in this motion is Allen's racial discrimination claim. She alleges that Huerta dismissed her because she is Caucasian and Huerta prefers Hispanic employees. In pursuit of evidence for this claim, Allen served on NHSSV several interrogatories. NHSSV timely responded but objected to two of Allen's inquiries:

> Interrogatory No. 5: Please set forth and describe the loans made by [NHSSV] by ethnicity (race and national origin) from January 1, 2009, through August 31, 2011. Numbers and percentages will suffice.
>
> Interrogatory No. 6: Please set forth and describe the loans made by [NHSSV] by ethnicity (race and national origin) by month from September 1, 2011, through August 31, 2012. Numbers and percentages will suffice.

NHSSV objected to the two interrogatories on the same grounds, namely that the information Allen sought is "protected from disclosure by third-party privacy rights, including information that is contained in the records of NHSSV clients and sensitive financial information." NHSSV further objected that Allen failed to meet "the heightened standard of relevance for such requests for private third-party private information." NHSSV also contended that Allen sought "confidential business information." Finally, NHSSV asserted that Allen's requests were overbroad, burdensome, and "seek[] information that is not reasonably calculated to lead to the discovery admissible evidence that is in any way related to any of Plaintiff's claims."

The parties met and conferred via email. Allen's counsel maintains that he attempted an in-person and a telephonic meet-and-confer but that NHSSV's counsel cancelled meetings they had arranged. Because they could not resolve their dispute via the email meet-and-confer, Allen moved to compel responses and for fees as sanctions for NHSSV's failure to respond.

## II.   LEGAL STANDARDS

Fed. R. Civ. P. 26(b) provides that parties "may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense." The relevant information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of

Case No.: 12-1656 PSG
ORDER                                                       2

admissible evidence." Relevance under Rule 26(b) is broadly defined, "although it is not without ultimate necessary boundaries."

The court must limit the frequency or extent of discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, or the burden or expense of the proposed discovery outweighs its likely benefit. Upon a motion to compel pursuant to Fed. R. Civ. P. 37(a)(3), the moving party has the burden of demonstrating relevance.

Pursuant to Fed. R. Civ. P. 37(a)(5), the court must award attorneys' fees to a successful moving party on a motion to compel, unless (1) "the movant filed the motion before attempting tin good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust."

### III.   DISCUSSION

NHSSV objects to Allen's interrogatories on three primary grounds: (1) the information Allen seeks is irrelevant to her racial discrimination claims; (2) third parties' privacy rights weigh more heavily than Allen's minimal relevancy regarding the information; and (3) the requests are overly burdensome. The court considers each objection in turn.

Allen argues that the interrogatories she served on NHSSV are relevant to her racial discrimination claims to determine whether Spanish fluency was a job requirement or merely a pretext for Huerta's discrimination. According to Allen, Huerta made several statements indicating his surprise that Allen remained employed at NHSSV despite her lack of Spanish fluency. Allen argues that data regarding the ethnicity of the recipients of NHSSV's loans reveals whether Spanish was necessary for her position and whether Huerta's comments were justified. She also contends that because in NHSSV's deposition of her it questioned her about the languages and ethnicity of NHSSV's customers, NHSSV has, in essence, conceded the relevance of the information.

NHSSV objects to Allen's interrogatories on the grounds that the information Allen requests is irrelevant to her claims. NHSSV points out that not only is customer ethnicity an unsuitable proxy for the languages they speak but also that it has not and will not assert a bona fide occupational qualification ("BFOQ") defense regarding Spanish fluency. According to NHSSV, because it has not raised the defense, its customer data is irrelevant to Allen's claims regarding her termination. It further contends that even if its customers' ethnic preference were the basis of its decision to terminate Allen and hire Hispanic employees instead, such preferences cannot sustain a BFOQ defense.[1]

However imperfect a proxy for language, in light of the broad interpretation of relevance under Rule 26(b), customer ethnicity might be relevant to Allen's claim if Spanish `fluency as a BFOQ were even a remote possibility in this case. The questions at Allen's deposition certainly suggested as much, and the court has no trouble understanding Allen's concern about the need to refute such an assertion. But NHSSV has now disclaimed any argument that a Spanish fluency or customer preference justified its decision in any way shape or form. In light of this disclaimer, and the court's intention to hold NHSSV to this disclaimer in considering any dispositive motion or trial in this case, Allen cannot establish how the requested information is relevant to any issue still in dispute.

Because the information is not relevant, the court need not address NHSSV's privacy, burden, or other objections.[2]

**IT IS SO ORDERED**

Dated:  November 28, 2012

PAUL S. GREWAL
United States Magistrate Judge

---

[1] *See Fernandez v. Wynn Oil, Co.*, 63 F.2d 1273, 1276 (9th Cir. 1981); *see also Bohemian Club v. FEHA*, 187 Cal. App. 3d 1, 23 (1986).

[2] Allen's request for fees as sanctions also is DENIED.

Case No.: 12-1656 PSG
ORDER                   4